[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14476
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cr-00015-WCO-SSC-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                    versus

RAMIRO HERNANDEZ-GARRIDO,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 23, 2012)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ramiro Hernandez-Garrido appeals his 35-month sentence imposed after he pled guilty to one count of re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that his sentence, which was within the guidelines range for his offense, was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors. After careful review, we affirm.

I.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). A sentence is substantively unreasonable if, considering the totality of the circumstances, the court weighed the § 3553(a) factors unreasonably and imposed a sentence that did not achieve the purposes of sentencing outlined in § 3553(a). *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc), *cert. denied*, 131 S. Ct. 1813 (2011). We will vacate a sentence only if we have "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1990 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a),

2

including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

A party who challenges his sentence bears the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 674 (2010). Although we do not automatically presume that a sentence falling within the guidelines range is reasonable, we ordinarily expect it to be. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

## II.

Hernandez-Garrido's 35-month sentence is within the guidelines range and well below the 20-year statutory maximum penalty for his offense. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (taking into

account that a sentence was well below the statutory maximum when determining that sentence was substantively reasonable).  However, Hernandez-Garrido argues that there are two reasons why a lower sentence should have been imposed.

First, Hernandez-Garrido points out that he received a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) even though the district court was aware that § 2L1.2 was scheduled to be amended.  Hernandez-Garrido argues that had he been sentenced six weeks later under the amended guidelines, he would have only received an 8-level enhancement.  That would have made his applicable guidelines range 18 to 24 months.  Although Hernandez-Garrido concedes that the amendment to § 2L1.2 was not retroactive, he contends that the Supreme Court's reasoning in *Kimbrough v. United States* instructs that the district court nevertheless should have reduced his sentence.  552 U.S. 85, 128 S. Ct. 558 (2007).  We disagree.

In *Kimbrough*, the district court sentenced a defendant to a below-guidelines sentence for his crack and powder cocaine related offenses and commented that the case exemplified the "disproportionate and unjust effect that crack cocaine guidelines have in sentencing."  *Id.* at 93, 128 S. Ct. at 565 (quoting district court).  The appellate court found that the district court committed an abuse of discretion in granting the downward variance.  However, the Supreme

4

Court found relevant the unique history of the sentencing guidelines for crack and powder cocaine offenses. The Court commented that in formulating the guidelines ranges for crack cocaine offenses, "the [Sentencing] Commission . . . did not take account of empirical data and national experience." *Id.* at 109, 128 S. Ct. at 575 (quotation marks and citation omitted). The Court also pointed out that "the Commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in § 3553(a)." *Id.* at 110, 128 S. Ct. at 575. The Court then determined that, "[g]iven all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." *Id.*

Hernandez-Garrido argues that at the time of his sentencing, § 2L1.2 was an equally unfair sentencing provision that lacked grounding in empirical data. However, even if Hernandez-Garrido's contention were correct, that would still not support reversal of his sentence. The Court in *Kimbrough* found that it was not an *abuse of discretion* for a district court to grant a below-guidelines sentence under the circumstances of that case. In no way does that holding compel—or even allow—a conclusion that under the same circumstances, it would have been

5

an abuse of discretion for the district court to grant a sentence *within* the guidelines.

Next, Hernandez-Garrido contends that his sentence was unreasonable given his "modest criminal history aside from [his] 1992 drug conviction," his history of working to support his family, and the motivation for his illegal re-entry to the United States—a desire to provide for his family. He also claims that the district court gave too much weight to the fact that he appropriated his brother's identity. Hernandez-Garrido contends that the manner in which he misused his brother's identity was "less aggravated in nature" than the government asserted and that he has manifested no intent to continue using the fraudulent identity. The district court in determining Hernandez-Garrido's sentence heard these arguments; it also reviewed the Pre-sentence Investigation Report, considered all of the relevant circumstances of Hernandez-Garrido's case and background, and weighed the § 3553(a) factors. Because Hernandez-Garrido has failed to show that the district court committed an abuse of discretion in the weighing of those § 3553(a) factors, we affirm the district court.

**AFFIRMED.**